Matter of Hill (2019 NY Slip Op 01071)





Matter of Hill


2019 NY Slip Op 01071


Decided on February 13, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
MARK C. DILLON
RUTH C. BALKIN
JOHN M. LEVENTHAL, JJ.


2018-06041

[*1]In the Matter of David M. Hill, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; David M. Hill, respondent. (Attorney Registration No. 2824472)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Ninth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on May 12, 1997.



Gary L. Casella, White Plains, NY (Matthew Lee-Renert of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On May 21, 2018, the Grievance Committee for the Ninth Judicial District personally served the respondent with a notice of petition dated May 8, 2018, and a verified petition dated May 7, 2018, and duly filed those papers with this Court together with an affidavit of service. The petition contains 18 charges alleging, among other things, that the respondent neglected his clients' legal matters; intentionally failed to seek his clients' objectives through reasonably available means; intentionally failed to carry out contracts of employment; failed to act with reasonable diligence and promptness; misappropriated funds paid to him by his client for payment to the United States Patent and Trademark Office (hereinafter the USPTO); failed to inform his clients of material developments in the clients' matters; engaged in dishonesty, fraud, deceit, or misrepresentation in his communications with his former client and/or successor counsel after being discharged; failed to provide appropriate accounts to a client; failed to provide his former client with all records to which the former client was entitled to receive; and failed to cooperate with an investigation conducted by the USPTO's Office of Enrollment and Discipline. The notice of petition directed the respondent to serve and file his answer to the verified petition within 20 days after service upon him of the notice of petition and the verified petition. To date, the respondent has neither served nor filed an answer to the verified petition, as directed.
The Grievance Committee now moves to deem the charges against the respondent established based upon his default and to impose such discipline upon him as this Court deems appropriate. The motion papers were served upon the respondent on June 15, 2018, and proof of service was filed with the Court. To date, the respondent has failed to submit papers in response to the instant motion or to file an answer to the verified petition.
Accordingly, the Grievance Committee's motion is granted, the charges in the verified petition are deemed established, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
SCHEINKMAN, P.J., MASTRO, DILLON, BALKIN and LEVENTHAL, JJ., concur.
ORDERED that the Grievance Committee's motion is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, David M. Hill, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, David M. Hill, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, David M. Hill, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, David M. Hill, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court